# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERINA TERESA PURCELLA,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | Case No. 1:18-cv-01010-SKO<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING PLAINTIFF'S REQUEST TO APPOINT COUNSEL**<br><br>(Docs. 2, 3) |

## I. BACKGROUND

On July 26, 2018, Plaintiff Serina Teresa Purcella filed a complaint seeking judicial review of a decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income benefits, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 1, 2.) Plaintiff also filed a Motion to Appoint Counsel in which Plaintiff requests the Court appoint a legal aid to represent her because she does not have an attorney. (Doc. 3.) For the reasons explained below, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* and DENIES Plaintiff's request for counsel.

## II. DISCUSSION

**A.    Plaintiff's Application to Proceed *In Forma Pauperis* is Granted**

The Court, having reviewed Plaintiff's responses related to her income and expenses on her application to proceed *in forma pauperis* (Doc. 2), finds Plaintiff's application demonstrates

entitlement to proceed without prepayment of fees. Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted.

**B.     Plaintiff's Request for Appointment of Counsel is Denied without Prejudice**

Generally, a plaintiff in a civil case does not have a constitutional right to the appointment of counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Hernandez v. Whiting*, 881 F.2d 768, 770-71 (9th Cir. 1989); *United States v. 30.64 Acres*, 795 F.2d 796, 801 (9th Cir. 1986); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court has discretion, however, to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff who seeks appointment of counsel must make a reasonably diligent effort to obtain counsel before a court may exercise its discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

Additionally, while the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), it will do so *only* if exceptional circumstances exist, *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

Although Plaintiff has established her indigence by successfully obtaining *in forma pauperis* status, appointing counsel to represent Plaintiff would be inappropriate because she has failed to demonstrate that she made reasonably diligent efforts to obtain counsel. In Plaintiff's motion to appoint counsel, she states "I do not have an attorney. I fired Jeffrey Milam due to his and his wife's unethical practices." (Doc. 3.) Plaintiff makes no representations related to her efforts to find another attorney and her decision to discharge her attorney is not indicative of "a diligent effort to obtain counsel." 28 U.S.C. § 1915(e)(1).

Even if Plaintiff had demonstrated a reasonable effort to obtain counsel, Plaintiff fails to show that exceptional circumstances necessitate appointment of counsel to represent her in this

matter.  First, Plaintiff offers no evidence that shows her case against the Commissioner is likely to succeed on the merits.  Second, Plaintiff's motion to appoint counsel fails to explain how the complexity of this action would prevent Plaintiff from articulating her claims *pro se*.  Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice.

### III. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* is GRANTED;
2. The Clerk of Court is DIRECTED to issue a summons;
3. The United States Marshal is DIRECTED to serve a copy of the complaint, summons, and this order upon the defendant as directed by the plaintiff; and
4. Plaintiff's request for appointment of counsel is DENIED without prejudice;

IT IS SO ORDERED.

Dated: **August 8, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE